THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. CLARENCE D. DAVIS, Appellant.

*Crimes — larceny in first degree — judgment of conviction affirmed.*

*People* v. *Davis,* 217 App. Div. 801, affirmed.

(Argued October 21, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered August 6, 1926, which affirmed a judgment of the Chemung County Court rendered upon a verdict convicting the defendant of the crime of grand larceny in the first·degree.

*Lewis E. Mosher* and *Gaylord E. Riggs* for appellant.

*Walter B. Herendeen, District Attorney,* for respondent.

Judgment affirmed under the provisions of section 542 of the Code of Criminal Procedure; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Probate of the Will of CATHERINE A. BALDWIN, Deceased.

REMSEN M. KINNE et al., Appellants; FRANK M. COLLINS as Executor, et al., Respondents.

*Will — probate — when evidence of surviving witness not permitted to outweigh facts and circumstances tending to establish proper execution of holographic will.*

*Matter of Baldwin,* 216 App. Div. 111, affirmed.

(Argued October 21, 1926; decided November 16, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 10, 1926, which reversed a decree of the Yates County Surrogate's Court refusing probate of a paper propounded as the last will of Catherine A. Baldwin, deceased, and remitted the matter to said Surrogate's Court with directions that the will be admitted to probate. The question was whether the will had been executed in accordance with statutory requirements. It was in the handwriting of the deceased, signed by her and the

attestation clause in her handwriting recites that it was subscribed by the testatrix at the date thereof and that she acknowledged that she executed the same. One witness to the will died before the testatrix. The other testified she did not see the testatrix sign the will and that testatrix did not acknowledge she had signed it. Twenty-five years had elapsed, the witness was sixty-seven years of age and had forgotten some of the incidents connected with the execution of the will. The Appellate Division held that under the facts in the case, and in view of the fact that the will is holographic, the evidence of the surviving witness given twenty-five years after the will was executed should not outweigh the other facts and circumstances which tend to establish the proper execution.

*Arthur E. Sutherland* and *Spencer F. Lincoln* for appellants.

*Calvin J. Huson* and *John J. Hyland* for executor, respondent.

*William S. McGreevy* for Fannie L. Ansley et al., respondents.

Order affirmed, with costs to respondents payable out of the estate; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PIERCE KEEFE et al., Respondents, *v.* ANNPAUL REALTY Co., INC., Appellant, Impleaded with Another.

*Real property — easements — injunction — action to restrain building upon alleyway in which plaintiff had easement of use for fire exit.*

*Keefe* v. *Annpaul Realty Co., Inc.,* 215 App. Div. 301, affirmed.
(Argued October 21, 1926; decided November 16, 1926.)

APPEAL from a judgment, entered February 27, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a decision of the court on trial at Special Term and directing judgment in favor of plaintiffs. This action was to restrain